```
              IN THE UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF LOUISIANA
                      LAKE CHARLES DIVISION


UNITED STATES OF AMERICA       *   Docket No. 6:16-CR-00034
                               *
                               *
VERSUS                         *   February 23, 2016
                               *
                               *
WESLEY HAYES                   *   Lafayette, Louisiana

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

       REPORTER'S OFFICIAL TRANSCRIPT OF THE PLEA HEARING
           BEFORE THE HONORABLE PATRICIA MINALDI,
                 UNITED STATES DISTRICT JUDGE

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

                      A P P E A R A N C E S


FOR THE GOVERNMENT:      ALEXANDER C. VAN HOOK
                         U.S. Attorney's Office
                         300 Fannin Street, Suite 3201
                         Shreveport, LA 71101
                         Email:  alexander.van.hook@usdoj.gov
                         Phone:  (318) 676-3600
                         Fax:    (318) 676-3660


                         TONA BOYD
                         U.S. Dept. of Justice, Civil Rights Div.
                         950 Pennsylvania Avenue N.W.
                         Washington, DC  20530
                         Email:  tona.boyd@usdoj.gov
                         Phone:  (202) 514-3204
                         Fax:    (202) 514-8336



FOR THE DEFENDANT:       L. CLAYTON BURGESS
                         Law Office of L. Clayton Burgess
                         605 West Congress Street
                         Lafayette, LA  70501
                         Email:  lcburgess@clayburgess.com
                         Phone:  (337) 234-7573
                         Fax:    (337) 233-3890
```

**Deidre D. Juranka, RPR**
**United States Court Reporter**
**Western District of Louisiana**

```
REPORTED BY:        DEIDRE D. JURANKA, RPR
                    611 Broad Street, Suite 267
                    Lake Charles, Louisiana 70601
                    Email:  dd_juranka@lawd.uscourts.gov
                    Phone:  (337) 214-6669
                    Fax:    (337) 437-3390
```

```
 1                    COURT PROCEEDINGS
 2                 (Call to order of the court.)
 3         MR. VAN HOOK:  Your Honor, the next case for your
 4   consideration is United States versus Wesley Hayes which
 5   has been assigned Criminal No. 6:16-0034.  At this time
 6   the United States would offer an executed Rule 11
 7   package which contains a Waiver of Indictment, Agreement
 8   and Waiver of Statute of Limitations, a Bill of
 9   Information, Elements of the Offense, Affidavit of
10   Understanding of Maximum Penalty and Constitutional
11   Rights, a Plea Agreement, and the Factual Stipulation in
12   Support of the Plea.
13            THE COURT:  Thank you.
14            MR. BURGESS:  No objection.
15            THE COURT:  They're accepted.  And you are
16   Mr. Burgess?
17            MR. BURGESS:  Yes, ma'am.
18            THE COURT:  Mr. Burgess, have you talked with your
19   client about the contents of the plea packet?
20            MR. BURGESS:  Yes, ma'am.
21            THE COURT:  Feel like he understands it?
22            MR. BURGESS:  Yes, ma'am.
23            THE COURT:  Have you spoken with him about the
24   impact the sentencing guidelines may have on his
25   sentence?
```

1   MR. BURGESS: Yes, ma'am.
2   THE COURT: Do you feel like he understands that?
3   MR. BURGESS: Yes, ma'am.
4   THE COURT: Mr. Hayes, please raise your right
5   hand.
6          (Oath is administered.)
7   THE COURT: Mr. Hayes, Mr. Burgess tells me that
8   he's gone over the plea packet with you. Is that
9   correct?
10  THE DEFENDANT: Yes, ma'am.
11  THE COURT: Do you feel like you understand it?
12  THE DEFENDANT: Yes, ma'am.
13  THE COURT: He's also told me that he's discussed
14  with you the impact the sentencing guidelines may have
15  on your sentence. Is that correct?
16  THE DEFENDANT: Yes, ma'am.
17  THE COURT: Do you feel like you understand that?
18  THE DEFENDANT: Yes, ma'am.
19  THE COURT: Give me your full name for the record,
20  please.
21  THE DEFENDANT: Wesley James Hayes.
22  THE COURT: And, Mr. Hayes, I'm told that you want
23  to plead guilty this morning to two counts. Is that
24  correct? Two counts?
25  THE DEFENDANT: Yes, ma'am.

1    THE COURT:  One of civil rights conspiracy and the
2    other deprivation of rights under color of law.  Let's
3    turn to the elements of those offenses.  The document --
4    do you have the plea packet in front of you?
5    MR. BURGESS:  Yes, we have it right here.
6    THE COURT:  The document entitled Elements of the
7    Offense contains the things that the Government would
8    have to prove beyond a reasonable doubt before you could
9    be convicted of these offenses.  As soon as I find it in
10   this packet, I'm going to talk to you about it.
11   Let's talk first about the Waiver of Indictment.
12   You have the right to have this case presented before a
13   grand jury, which would be a group of people who would
14   decide whether or not the Government had enough evidence
15   to hold you over for trial; but you have chosen to waive
16   that grand jury indictment and be charged by an AUSA or
17   the U.S. Attorney by a Bill of Information so you're
18   giving up your right to that grand jury.  Do you
19   understand that?
20   THE DEFENDANT:  Yes, ma'am.
21   THE COURT:  Let's talk about the Elements of the
22   Offense now that I've found it.  In order to prove civil
23   rights conspiracy the Government would have to prove
24   these things beyond a reasonable doubt, number one, that
25   you entered into an agreement with at least one other

1  person; two, that the purpose of the agreement was to
2  injure, oppress or threaten inmates in the free exercise
3  and enjoyment of a federally protected right, in this
4  case the right to due process of law which includes the
5  right to be free from excessive use of force amounting
6  to punishment by a law enforcement officer; three, that
7  you knew the unlawful purpose of the conspiracy and
8  joined in it willfully, that is, with the intent to
9  further its unlawful purpose.
10      And now let's talk about the elements of
11 deprivation of rights under color of law.  The
12 Government would have to prove these things beyond a
13 reasonable doubt, number one, that you acted under color
14 of law; two, that you deprived an individual whose
15 initials are E.M., a person in the United States, of a
16 right protected or secured by the Constitution or laws
17 of the United States, and here it's the right to due
18 process which includes the right to be free from the use
19 of excessive force amounting to punishment by a
20 sheriff's deputy; three, that you acted willfully; and
21 four, that the offense resulted in bodily injury to the
22 victim or involved the use of a dangerous weapon.
23      Do you understand the things that the Government
24 would prove -- would have to prove under both charges?
25      THE DEFENDANT:  Yes, ma'am.

THE COURT: Let's turn now to the Affidavit of Understanding of Constitutional Rights and Maximum Penalty. This document tells you the penalty that you face when convicted of this offense and goes on to describe for you the constitutional rights that you give up when you enter this plea. Let's talk first about the penalty.

When convicted of this offense you face a penalty of not more than ten years in prison, a fine of not more than $250,000, a term of supervised release of not more than three years, and a special assessment of $100 which is mandatory. Do you understand the penalty that you face?

THE DEFENDANT: Yes, ma'am.

THE COURT: That penalty contains a term of supervised release which means, if you were incarcerated on this offense, when you were released from incarceration your release would be supervised by a probation officer to whom you would have to report on a regular basis. And there would be conditions placed on that release, things that you could not do and things that you must do. It's important that you abide by the terms of your supervised release because, if you don't, you can be brought back to court, your release could be revoked, you'd be sent back to prison, and the

1  possibility exists you could actually end up serving
2  more than the maximum penalty for this offense.  Do you
3  understand that?
4          THE DEFENDANT:  Yes, ma'am.
5          THE COURT:  You have the right to have a trial in
6  this matter.  If you decided you wanted to go to trial,
7  Mr. Burgess would represent you during trial; we'd
8  select a jury of two people to hear your case; and all
9  12 of those jurors would have to agree that the
10 Government had proved its case beyond a reasonable doubt
11 before you could be convicted of any offense.  But when
12 you plead guilty you give up your right to trial, to
13 that 12 person jury and that unanimous verdict.  Do you
14 understand that?
15         THE DEFENDANT:  Yes, ma'am.
16         THE COURT:  If you went to trial you would have the
17 right to see the witnesses called against you and ask
18 them questions, but when you plead guilty you give up
19 your right to see those witnesses and ask them
20 questions.  Do you understand that?
21         THE DEFENDANT:  Yes, ma'am.
22         THE COURT:  You have a privilege against
23 self-incrimination which means no one can force you to
24 testify against yourself, but when you plead guilty you
25 are testifying against yourself so you're giving up that

1   privilege.  Do you understand that?
2         THE DEFENDANT:  Yes, ma'am.
3         THE COURT:  If you went to trial, you'd have the
4   right to take the witness stand in your own defense.  No
5   one could force you to do that, but you would have that
6   right.  Do you understand that?
7         THE DEFENDANT:  Yes, ma'am.
8         THE COURT:  If you went to trial and you were
9   convicted, you would have the right to appeal the
10  verdict of guilt; but when you plead guilty you're
11  admitting your guilt so you give up your right to appeal
12  the verdict of guilt.  Do you understand that?
13        THE DEFENDANT:  Yes, ma'am.
14        THE COURT:  And you have the right to be
15  represented at all times by counsel of your choice or by
16  court-appointed counsel if you cannot afford your own.
17  Mr. Burgess, are you appointed or retained?
18        MR. BURGESS:  Retained.
19        THE COURT:  You have retained Mr. Burgess in this
20  case.  And I want to let you know if something happened
21  and you became indigent and could no longer afford his
22  services, I would appoint somebody to represent you.  So
23  no matter what, you'd have somebody to represent you
24  during trial.  And if convicted, I don't know what your
25  arrangement with Mr. Burgess is, but if you could afford

```
 1    retained counsel you would have retained counsel to --
 2    I'm sorry.  But when you plead guilty you give up your
 3    right to counsel at trial and counsel to appeal the
 4    verdict of guilt.  Do you understand that?
 5         THE DEFENDANT:  Yes, ma'am.
 6         THE COURT:  There's a Plea Agreement contained in
 7    this plea packet, and I've been told that you've gone
 8    over that with Mr. Burgess.  Do you feel like you
 9    understand that Plea Agreement?
10         THE DEFENDANT:  Yes, ma'am.
11         THE COURT:  It outlines in detail and in writing
12    the obligations that you have to the Government because
13    of this plea and the obligations that the Government has
14    to you because of this plea.  Is there anything about
15    those obligations you don't understand?
16         THE DEFENDANT:  No, ma'am.
17         THE COURT:  Let's turn to the Stipulated Factual
18    Basis.  I know it's in here somewhere.  This document
19    contains what I am told you and the Government agree
20    happened in this case that would justify me in accepting
21    your guilty plea.  I'm not going to read it word for
22    word because I know you've gone over it with
23    Mr. Burgess, but I am going to discuss the things that I
24    think are more important to make sure that this is what
25    you agree happened in this case.
```

1    It tells me that you admit that you conspired with
2    other officers to assault and injure inmates in
3    violation of their federally protected right not to be
4    deprived of liberty without due process which includes
5    the right to be free from the use of excessive force
6    amounting to punishment by a law enforcement officer,
7    and it tells me that this conspiracy was in violation of
8    federal law.  You also admit that while acting under
9    color of law and while aided and abetted by others you
10   willfully deprived E.M., a pretrial detainee, of his
11   federally protected rights.
12       It tells me that you were employed by the Iberia
13   Parish Sheriff's Office and served as the warden in the
14   jail.  On April 29th you stood with IPSO supervisors at
15   the IPJ and co-conspirator number one, who was a deputy
16   sheriff from the IPSO Narcotics Division, approached you
17   while escorting an inmate whose initials are C.O. and
18   asked where is a place at the jail without a camera.
19   You understood that co-conspirator number one intended
20   to use unlawful force against that inmate to punish him
21   and was asking where he could do that without getting
22   caught on camera.  Knowing co-conspirator one's intent
23   and intending to further his unlawful objective, you
24   directed him to the chapel.
25       You and co-conspirator number one entered the

```
1      chapel with the inmate for the purpose of unlawfully
2      assaulting him.  In the chapel you watched as officers
3      struck the inmate numerous times with batons while he
4      was restrained, compliant and lying on the chapel floor
5      and presented no threat to the officers.  You recognized
6      that you had a duty to intervene and stop the
7      unjustified use of force on the inmate, nevertheless,
8      you willfully chose not to intervene to stop the beating
9      despite having the opportunity to do so and being the
10     most senior officer in the chapel.
11            Following the beating of that inmate, officers
12     removed him from the chapel and escorted inmate whose
13     initials are S.S. into the chapel.  You then watched as
14     S.S. was struck with batons while S.S. was restrained,
15     compliant and kneeling on the floor.  You knew you had
16     the duty to intervene and stop the assault as well but
17     chose not to intervene despite have the opportunity to
18     do so.
19            Co-conspirator number one and other officers in the
20     chapel questioned S.S. regarding his pending charges.
21     He told them that he committed a lewd act with a minor,
22     specifically, he had the minor perform fellatio on him.
23     When co-conspirator number one heard this he took his
24     baton, placed it between his own legs and forced S.S. to
25     mimic performing fellatio on the baton until the inmate
```

1  began to choke.  You watched this and did nothing to
2  stop co-conspirator number one's assault on the inmate
3  even though you knew you had a duty to intervene and had
4  the opportunity to do so.
5       On or about September 27th inmate E.M. assaulted an
6  officer at the Iberia Parish Jail.  He was restrained
7  and removed from the scene.  You and other supervisors
8  then retaliated against him by taking him to the chapel
9  where he was assaulted and handcuffed and compliant.
10 You watched as an IPSO supervisor placed a baton between
11 E.M.'s legs and in a sharp motion raise the baton to
12 strike E.M.'s testicles lifting him off the floor.  You
13 then struck E.M. with a closed fist.  You and others
14 used this unlawful, unjustified force on E.M. to punish
15 him for his prior assault of an officer.  At no time did
16 you intervene to prevent any aspect of the other
17 officer's assault on E.M. in the chapel despite having
18 the opportunity to do so.
19      Is that what happened?
20      THE DEFENDANT:  Yes, ma'am.
21      THE COURT:  Are you satisfied with the
22 representation that Mr. Burgess has provided to you?
23      THE DEFENDANT:  Yes, ma'am.
24      THE COURT:  To the charge of -- charges of civil
25 rights conspiracy and deprivation of rights under color

```
 1        of law, how do you plead?
 2             THE DEFENDANT:  Guilty.
 3             THE COURT:  I'll accept your guilty plea and I'll
 4        set sentencing --
 5             MR. VAN HOOK:  Your Honor, if I may, the Court
 6        advised the defendant of the maximum penalty.  I just
 7        want to make clear for the record, it's the same maximum
 8        penalty for both counts and, technically speaking, he
 9        could face consecutive sentences.
10             THE COURT:  You just want to correct me all day
11        long, don't you?
12             MR. VAN HOOK:  Yes, Your Honor, if I have to.
13             THE COURT:  All right.
14             MR. VAN HOOK:  I just want to make sure that's
15        clear.
16             THE COURT:  That's understood, Mr. Hayes?
17             THE DEFENDANT:  Yes, ma'am.
18             MR. VAN HOOK:  Thank you, Your Honor.
19             THE COURT:  What is my sentencing date?
20             MR. BURGESS:  Judge, I think the same day as the
21        others.  It's May 24th.
22             THE COURT:  Yes.
23             MR. BURGESS:  It's 10:00 o'clock?
24             THE COURT:  Well, be here at 10:00.
25             MR. BURGESS:  We ask he be released under the same
```

```
1    conditions of the other defendant.  It's probably my
2    understanding that they do not want him to possess a
3    firearm.
4         MR. VAN HOOK:  That's correct.
5         THE COURT:  So ordered.
6         MR. BURGESS:  And we will abide by that.  Thank
7    you, Judge.
8         THE DEFENDANT:  Thank you, Your Honor.
9         THE COURT:  Thank you.
10             (Proceedings adjourned.)
11
12
13                    * * * * * *
14
15
16                    CERTIFICATE
17
18    I hereby certify this 2nd day of March, 2016, that the
19  foregoing is, to the best of my ability and understanding, a
20  true and correct transcript of the proceedings in the
21  above-entitled matter.
22
23                              S/Deidre D. Juranka, RPR
                                Official Court Reporter
24
25
```

**Deidre D. Juranka, RPR**
**United States Court Reporter**
**Western District of Louisiana**